1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10                              **WESTERN DIVISION**

11  LEONETTI CELLAR, LLC,                )    No.  CV 09-5996 VBF (SSx)
                                         )
12                     Plaintiff,        )    **MEMORANDUM AND ORDER RE: PARTIES'**
                                         )
13             v.                        )    **PROPOSED STIPULATION AND**
                                         )
14  LEONESSE CELLARS, LLC,               )    **PROTECTIVE ORDER**
                                         )
15                     Defendant.        )
    _____     )

16

17

18
         The  Court  has  received  and  considered  the  parties'  proposed
19
    Stipulation and Protective Order ("Protective Order").   The Court is
20
    unable to adopt the Protective Order as stipulated to by the parties for
21
    the following reasons:
22

23
         First,  the  Court  cannot  agree  that  all  documents  containing
24
    confidential information be filed under seal.   (See p. 2, ¶ 3; pp. 4-5,
25
    ¶ 6).   If confidential material is included in any papers to be filed in
26
    Court, such papers shall be accompanied by an application, pursuant to
27
    Local Rule 79-5.1, to file the papers  -- or the confidential portion
28
    thereof -- under seal.   The application shall be directed to the judge

1  to whom the papers are directed.  Pending the ruling on the application,
2  the papers or portions thereof subject to the sealing application shall
3  be lodged under seal.

4

5      Second, the Court will not agree to the procedures the parties
6  propose in the event of a dispute regarding the designation of
7  confidential information.    (See page 6, ¶ 11).    In the event of a
8  dispute regarding the designation of confidential information, the
9  procedure for obtaining a decision from the Court is that set forth in
10  Local Rule 37.

11

12      Third, a protective order must be narrowly tailored and cannot be
13  overbroad.    Therefore, the documents, information, items or materials
14  that are subject to the protective order shall be described in a
15  meaningful fashion (for example, "blueprints," "customer lists," or
16  "market surveys," etc.).    It is not sufficient to use only the
17  conclusory terms "confidential business or commercial information."
18  (See p. 2,  ¶ 1.)  Further, in proposing or agreeing to the protection
19  of "trade secrets," the definition for that term in California Civil
20  Code § 3426.1 should be incorporated into the protective order, either
21  by reference or by quotation.

22

23      Finally, the Protective Order contains no statement(s) establishing
24  the requisite good cause.  Foltz v. State Farm Mut. Auto Ins. Co., 331
25  F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis
26  requires examination of good cause) (citing Phillips v. Gen. Motors
27  Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002); San Jose Mercury
28  News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir.

1  1999); <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th

2  Cir. 1992).  The Court may only enter a protective order upon a showing

3  of good cause.  <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172,

4  1176 (9th Cir. 2006) (stipulating to protective order insufficient to

5  make particularized showing of good cause, as required by Rule 26(c));

6  <u>Phillips</u>, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good

7  cause for a protective order);  <u>Makar-Wellbon v. Sony Electrics, Inc.</u>,

8  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

9  require good cause showing).

10

11      In any revised stipulated protective order submitted to the Court,

12 the parties must include a statement demonstrating good cause for entry

13 of  a  protective  order  pertaining  to  the  documents  or  information

14 described  in  the  order.    The  documents  to  be  protected  shall  be

15 specifically described and identified.    The paragraph containing the

16 statement of good cause should be preceded by the phrase: "GOOD CAUSE

17 STATEMENT."  The parties shall articulate, for each document or category

18 of documents they seek to protect, the specific prejudice or harm that

19 will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130

20 (citations omitted).

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

3

1    In any revised stipulated protective order, the parties shall
2  include the following in the caption: "[Discovery Document: Referred to
3  Magistrate Judge Suzanne H. Segal]."

4

5    IT IS SO ORDERED.

6

7

8  DATED:   September 24, 2009

   SUZANNE H. SEGAL
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28