NOTE CHANGES MADE BY COURT

STEVEN T. LOVETT (OSB #910701)
stlovett@stoel.com (*Pro Hac Vice)*
NATHAN C. BRUNETTE (OSB #090913)
(*Pro Hac Vice)*
ncbrunette@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

ROBERT OLIVER (SB #180318)
roliver@oliverlawgroup.com
OLIVER LAW GROUP
8333 Foothill Boulevard, Suite 129
Rancho Cucamonga, CA 91730
Telephone: (909) 931-1393
Facsimile: (909) 579-8274

Attorneys for Plaintiff
Leonetti Cellar, LLC

FILED
CLERK U.S. DISTRICT COURT
OCT 29 2009
CENTRAL DISTRICT OF CALIFORNIA
BY

NOTE CHANGES MADE BY COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONETTI CELLAR, LLC,<br>Plaintiff,<br>v.<br>LEONESSE CELLARS, LLC,<br>Defendant. | Case No. CV 09-5996-VBF(SSx)<br>Hon. Valerie Baker Fairbank<br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]<br>STIPULATED PROTECTIVE ORDER [~~PROPOSED~~] |

Plaintiff Leonetti Cellar, LLC and defendant Leonesse Cellars, LLC, by their undersigned counsel, hereby stipulate and agree that the following procedures shall be adopted for the protection of documents and information described in the Good Cause Statement and designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY as provided by this Protective Order that may be produced during discovery in this case:

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

STIPULATED PROTECTIVE ORDER -1-

Portlnd2-4797462.1 0073106-00004

1. The parties, witnesses and third-parties producing documents (the "Designating Party") may designate as CONFIDENTIAL-ATTORNEYS' EYES ONLY such documents, testimony, or other materials produced in this case which they in good faith believe contain information within one or more of the following categories: (a) customer, supplier, or distributor lists or sales information that identifies sales to specific regions, distributors, or customers; (b) business or marketing plans; or (c) trade secrets as that term is defined by California Civil Code § 3426.1 or, to the extent applicable, the relevant laws of another state.

2. GOOD CAUSE STATEMENT: The parties believe that good cause exists for the entry of this Protective Order, that the secrecy pursuant to this Protective Order is in the public interest, and that disclosure of information eligible for designation as CONFIDENTIAL-ATTORNEYS' EYES ONLY would cause serious harm, and desire that such information be protected from unnecessary dissemination. Specifically, the parties believe that good cause exists to restrict access to the following categories of documents and information in this case, as follows:

    a. Customer, Supplier, and Distributor Lists and Sales Information That Identifies Sales to Specific Regions, Distributors, or Customers: Because the parties are competitors in that they both make and sell wine, either party would be unfairly prejudiced by releasing without restriction either to the other party or to the general public its customer, supplier, or distributor lists or its sales information to the extent that information identifies sales to particular regions, customers, or distributors. Such confidential and valuable information as to the identities of customers, suppliers, and distributors; the preferences of customers or distributors; the parties' areas of marketing success and areas of business focus and expansion

has been gained through substantial expense and investment, and if revealed without restriction would provide a valuable and unfair advantage to competitors.

  b. Business or Marketing Plans: Because the parties are competitors in that they both make and sell wine, either party would be unfairly prejudiced by releasing without restriction either to the other party or to the general public information revealing its planned future business activities. Such confidential and valuable information as to a parties' future marketing focus or geographic or product expansion, if revealed without restriction, would provide a valuable and unfair advantage to competitors.

  c. Trade secrets: Because the parties are competitors in that they both make and sell wine, either party would be unfairly prejudiced by releasing without restriction either to the other party or to the general public its legally protected trade secrets. Such confidential and valuable information has been gained or created through substantial expense and investment and if revealed without restriction would provide a valuable and unfair advantage to competitors. Moreover, either party would be unfairly prejudiced by the unrestricted release of its legally protected trade secrets because unrestricted release of trade secret information could vitiate that party's valuable trade secret rights.

3. This Protective Order applies to documents and things produced by a Designating Party, responses to written discovery, responses to subpoenas, and deposition testimony and exhibits thereto. If any Designating Party in this action claims that any document or other material produced by a party, witness or third-


party, or any information contained in the document or material, is confidential and qualifies for designation pursuant to Paragraph 1 of this Protective Order, then the party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

4. Within thirty days after receipt of the transcript of the deposition of any party or witness in this case, if the questioning is such that a Designating Party determines that the answers disclose information or could lead to the disclosure of information listed in paragraph 1 of this Protective Order, such Designating Party may designate that information CONFIDENTIAL-ATTORNEYS' EYES ONLY, and, when filed with the Court, the transcript containing material designed CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be accompanied by an application, pursuant to Local Rule 79-5.1 to file such transcript, or the confidential portion thereof, under seal in the manner described in paragraph 6 of this Protective Order.

5. Use and disclosure of information and documents designated CONFIDENTIAL-ATTORNEYS EYES' ONLY, including all information derived therefrom, shall be restricted solely to the following persons, unless additional persons are stipulated in writing by the parties' counsel or authorized by the Court:

    a. Counsel for the parties named in the above-captioned litigation, attorneys of counsels' law firms and all employees of those firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees;

    b. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

      c.    Any individual retained or specially employed by a party as an expert either in anticipation of litigation, preparation for trial or to testify at trial, who is not directly employed by any party or under contract with any party for any purpose other than this case, and who is not a competitor of any party or employed by a competitor of any party, and provided that such individual executes a statement in writing in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order.

6. Information and documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when the documents, or any portion(s) of such pleadings, motions, briefs, etc., have been filed accompanied by an application, pursuant to and in conformity with the procedures described in Local Rule 79-5.1, to file such pleadings, motions, briefs, etc., or the portion thereof designated CONFIDENTIAL ATTORNEYS' EYES ONLY, under seal. Pursuant to Local Rule 79-5.1, any party wishing to submit to the Court any pleadings, memorandum, or other papers containing or referring to information designated CONFIDENTIAL-ATTORNEYS' EYES ONLY shall deliver such papers to the Clerk along with "a written application and a proposed order." Local Rule 79-5.1. "The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope . . . ." Local Rule 79-5.1.

7. Whenever information designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to this Protective Order is to be (a) discussed by a party or (b) disclosed in a deposition or other hearing or proceeding, any party claiming confidentiality may exclude from the room any person, other than persons designated in Paragraph 5(a)-(c) of this Protective Order, as appropriate, for that portion of the deposition, hearing or proceeding.

8. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information. Nothing in this Protective Order shall prejudice any party or non-party from seeking amendments broadening or restricting the rights of access to and use of confidential information hereunder, or other modifications, subject to order by the Court.

9. Within 30 days after any order terminating this case becomes final and not subject to appeal, all materials and copies containing information designated CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be returned to the Designating Party, together with any and all summaries, abstracts, notations and compilations containing such information. In the alternative, with consent of the Designating Party, such materials and copies may be shredded or disposed of in a manner to assure destruction and written confirmation certifying such destruction or disposal shall be provided to the Designating Party . Notwithstanding the above, one copy of the court filings and transcripts may be retained by counsel for each party, subject to the terms of this Protective Order.

10. Each party reserves the right to dispute the designation of information or material as CONFIDENTIAL-ATTORNEYS' EYES ONLY by any Designating Party in accordance with this Protective Order. If any party believes that any information or documents have been inappropriately designated by a Designating Party as CONFIDENTIAL-ATTORNEYS' EYES ONLY, the parties shall confer in good faith and, failing resolution of such dispute, shall request resolution of the dispute pursuant to the procedures set forth in Local Rule 37. The Designating Party shall bear the initial burden to establish that its designation is appropriate and that good cause exists for the protection of the designated document. The party opposing the designation shall then bear the burden to prove that unrestricted access to the information is necessary to prepare the case for trial. *See Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007).

12. The inadvertent failure to designate a document, testimony, or other information as CONFIDENTIAL-ATTORNEYS' EYES ONLY before or at the time of disclosure shall not operate as a waiver of the Designating Party's right to later designate said document, testimony, or other information as CONFIDENTIAL-ATTORNEYS' EYES ONLY unless the receiving party can demonstrate unfair prejudice from late designation. Any such late designation shall be made promptly upon discovery of the inadvertent failure to make such designation at or prior to the time of disclosure, and in the event of dispute as to whether such late designation was timely made, the burden of proof both as to the inadvertence of the original failure to designate and the timeliness of the late designation shall rest with the Designating Party, and the burden of showing unfair prejudice from the late designation shall rest with the receiving party.

13. Use by the non-designating parties, witnesses, and their counsel of any information or documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the preparation for and conduct of this case and shall not be used for any business, commercial, or competitive purpose.

14. This Protective Order in no way operates to restrict the disclosure or use of any information or documents that are known, or become known, through lawful means or proper sources outside of this litigation. Specifically, nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party of information or material lawfully obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

15. The restrictions on disclosure and use of information and documents subject to this Protective Order shall survive the conclusion of this action and this

Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

Stipulated and consented to by:

DATED: October 27, 2009.

STOEL RIVES LLP

/s/ Steven T. Lovett
Steven T. Lovett, OSB 910701
*Pro Hac Vice*
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 294-9364

Robert Oliver
SB 180318
8333 Foothill Blvd., Suite 129
Rancho Cucamonga, CA 98173
Telephone: (909) 931-1393

Attorneys for Plaintiff

GRANT, GENOVESE & BARATTA, LLP

/s/ Jason S. Roberts
Jason S. Roberts
SB 221978
James M. Baratta
SB No. 54890
2030 Main Street, Suite 1600
Irvine, CA 92614
Telephone: (949) 660-1600

Attorneys for Defendant

**ORDER**

**IT IS SO ORDERED.**

DATED: 10/29/09

Suzanne H. Segal
U.S. Magistrate Judge

The Order entered 10/27/09 is VACATED.

EXHIBIT A

CERTIFICATE OF AGREEMENT

I, ________________________________________, hereby certify that I have been given a copy of the Stipulated Protective Order in the matter of Leonetti Cellar, LLC v. Leonesse Cellars, LLC, No. CV 09-5996-VBF(SSx), USCD, Central District of California. I agree to the following limitations upon the use and disclosure of all CONFIDENTIAL—ATTORNEY'S EYES ONLY information or material which I am being provided thereunder:

That I will not disclose or divulge any of the information or material or the content thereof to any person;

That any use of the information or material or the content thereof shall be restricted solely to use in connection with the litigation of this case and shall not be used outside this case for any business, commercial, competitive, or other purpose; and

That upon request I will return the material which I have been provided, and all copies, extracts, abstracts, charts, notes and summaries thereof, immediately to the attorney who provided the material to me.

I understand and recognize that violation of any of the provisions of this Certificate of Agreement may subject me to liability for violation of the Stipulated Protective Order and will result in immediate and irreparable harm to the Designating Party. I further agree to submit to the jurisdiction of United States

District Court for the Central District of California with respect to the enforcement of any obligation hereunder.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ______ day of _____________, 20__ at ________________.

______________________________

______________________________